## HOUSTON GAS & FUEL CO. v. PERRY et al.

Motion No. 11689; No. 6430.

Supreme Court of Texas.

Feb. 20, 1935.

Vinson, Elkins, Sweeton & Weems and C. M. Hightower, all of Houston, for plaintiff in error.

Bryan, Cosby, Suhr & Bering, Rodman S. Cosby, and Chas. W. Bell, all of Houston, for defendants in error.

CRITZ, Commissioner.

Mrs. D. N. Perry and Daisy Perry recovered judgment in the district court of Harris county, Tex., against Houston Gas & Fuel Company for $13,200, apportioned $8,200 to Mrs. Perry and $5,000 to Daisy Perry. Also Hartford Accident & Indemnity Company, in the same suit, recovered judgment against Houston Gas & Fuel Company for $1,313.50. The judgment further provided that Hartford Accident & Indemnity Company should recover from Mrs. Perry and Daisy Perry the sum of $680 to be paid out of their recovery from Houston Gas & Fuel Company. The judgment also provided that Hartford Accident & Indemnity Company recover certain further sums to be paid out of the recovery of Mrs. Perry and Daisy Perry.

Houston Gas & Fuel Company perfected appeal from the above judgment to the Court of Civil Appeals by filing supersedeas bond in the sum of $30,500, signed by it, as principal, and Lloyds Casualty Company of New York, as surety.

On final hearing of the above cause in the Court of Civil Appeals the judgment of the district court was in all things affirmed, except the item in the judgment awarding Hartford Accident & Indemnity Company $1,313.50 was reduced to $803.30. 55 S.W.(2d) 901. The case is before the Supreme Court on writ of error granted on application of Houston Gas & Fuel Company.

Defendants in error have filed motion in this court, duly sworn to and uncontroverted, to require the Houston Gas & Fuel Company to file new supersedeas bond, and in such motion it is made known to this court that both the principal and surety on the above-

mentioned supersedeas bond have become insolvent pending this appeal, and that both such principal and surety are now in the hands of receivers duly appointed.

Our statutes (Vernon's Ann. Civ. St. arts. 2272–2274) provide—

Article 2272: "In all cases carried by appeal or writ of error from the district or county court to the Court of Civil Appeals or to the Supreme Court, in which a supersedeas bond shall be given, and whenever the said bond shall become insufficient by reason of the insolvency of the sureties on such bond, or from any other cause, the court in which the said appeal or writ of error is pending, shall, upon proper showing of such insufficiency being made, require the giving of additional supersedeas bond in like amount as the original, to be approved by the clerk of the court in which said appeal or writ of error is pending."

Article 2273: "Upon failure to comply with the rule of the court ordering the execution of said additional supersedeas bond within a period of twenty days after such order is served, the court in which said appeal or writ of error is pending shall issue an order to the trial court, directing or permitting the issuance of execution on the judgment appealed from; but said appeal or writ of error shall not be dismissed, but continued upon the docket as if said cause had been appealed or writ of error granted upon cost bond, provided the clerk of the court in which said appeal or writ of error is pending is satisfied that the original bond is still sufficient when considered as a cost bond."

Article 2274: "In the event that said clerk shall consider the said original supersedeas bond insufficient when considered as a cost bond, then the said appeal or writ of error shall be dismissed, unless the appellant or the plaintiff in error within twenty days after notice served by the clerk that the said bond is deemed insufficient for the purposes of the cost bond, shall execute a new bond satisfactory to said clerk, sufficient to secure the payment of the costs theretofore accrued, or that might thereafter accrue in the further prosecution of the said appeal or writ of error. The giving of said additional original bond or bonds shall not release the liability of the sureties on the original supersedeas bond."

From what has been said, it is evident that the supersedeas bond above mentioned has become insufficient both as a supersedeas bond and as a cost bond.

It is therefore ordered that Houston Gas & Fuel Company be and it is hereby required, within twenty days after a copy of this order has been served upon it, to give an additional supersedeas bond in the same amount as its original bond, and, if such bond is not given within the time mentioned, the clerk of this court will issue an order to the trial court directing and permitting the issuance of execution on the judgment here appealed from.

It is further ordered that if Houston Gas & Fuel Company shall fail to file with this court, within the time above specified, the additional supersedeas bond above required, it shall, within such time, file an additional cost bond satisfactory to the clerk of this court, and in amount to be fixed by him sufficient to secure the payment of all costs heretofore accrued, and hereafter to accrue in the further prosecution of this appeal.

It is further ordered that if neither of the above bonds are given within the time above specified, this appeal and writ of error will stand dismissed.

It is further ordered that the clerk of this court shall issue and have served all notices hereinabove provided for, and that the giving of any additional bond hereunder shall not release the liability of the surety under the original supersedeas bond.

Opinion adopted by the Supreme Court.